Carlos Arnoldo GARCIA–
BARRIENTOS,
Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72508.

Agency No. A74–318–308.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided Feb. 24, 2004.

Carlos Arnoldo Garcia–Barrientos, pro se, Michael Franquinha, Law Office of Michael Franquinha, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, OIL, Genevieve Holm, Jennifer Lightbody, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM**

Carlos Arnoldo Garcia–Barrientos, a native and citizen of Guatemala, petitions for

review of the summary affirmance by the Board of Immigration Appeals of the denial of his application for asylum, 8 U.S.C. § 1158(a), and withholding of deportation, 8 U.S.C. § 1253(h). As this is a streamlined case, we review the decision of the IJ. 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court can reverse the IJ's factual findings only if "a reasonable factfinder would be compelled to find the petitioner eligible for the relief sought." *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir.1996).

Substantial evidence supports the IJ's determination that Garcia–Barrientos failed to show past persecution on account of imputed political opinion. He was neither threatened nor harmed himself, and there is no compelling evidence that his father was kidnaped or threatened for any reason other than his access to weapons. *See Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997) (explaining that an applicant must demonstrate that persecutors actually imputed a political opinion to her and persecuted her on account of that opinion).

As Garcia–Barrientos failed to meet the less-stringent standard for asylum, he necessarily fails to meet the stricter standard for withholding of deportation. *See, e.g., Mejia–Paiz v. INS*, 111 F.3d 720, 725 (9th Cir.1997).

**PETITION DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).